The court, however, was of opinion that the departure from Hampton, in the first instance, was necessary; and that the failure, to return there, was justifiable in the master, as, for want of his anchors, it could not have been done in safety. That proceeding to the port of delivery, afterwards, was the most prudent course, as it exposed the ship and cargo to less *569 hazard from tempest; and, as the mate was despatched immediately, on her arrival at Warwick, to make the entry; which service was faithfully-performed without loss of time, the duties all secured, and the’permit obtained, the objects of the law were all satisfied; and, therefore, that the proceeds of the sale ought to be restored; but that there was probable cause of seizure; and the entry made in the order book, was as follows:
“ This day came the parties, by their counsel, and the court having maturely considered the transcript of the record, and the arguments of the counsel, are of opinion that the said sentence is erroneous. Therefore it is decreed and ordered, that the same be reversed and annulled; and that the appellee pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here. And the court proceeding to give such sentence as the said court of admiralty ought to have given, do decree and order that the libel be dismissed; and that the sum of fifty-nine pounds one shilling, the amount of the sales of the vessel and cargo be restored to the respective owners, retaining thereout the duties on the said cargo, if not already paid. And this court do order it to be certified, as their opinion, that there was probable cause of seizure. Which is ordered to be certified to the district court, directed, by law, to be holden at Williamsburg,”